UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH, KAREN SINGH, | No. 2:15-cv-2664-JAM-EFB PS |
| Plaintiffs, | |
| v. | ORDER |
| WELLS FARGO BANK, | |
| Defendant. | |

On May 19, 2016, plaintiffs were ordered to show cause why this case should not be dismissed for failure to effect service of process within the time prescribed by Federal Rule of Civil Procedure 4(m).[1] In response to the court's order, plaintiffs submitted a proof of service, indicating that on January 10, 2016, non-party Jason Smith delivered a copy of the summons and complaint to John Stumpf, the president and CEO of Wells Fargo Bank, and Mr. Strumpf's assistant at 420 Montgomery Street, San Francisco, California.  ECF No. 6 at 2.

Local Rule 210 provides that where "service of process is not waived, proof of service of process shall be made by acknowledgment of the party served or by affidavit of the person serving such process."  E.D. Cal. L.R. 210(b).  That rule further provides that "[w]hen service is made by personal delivery, it shall show the hour, the particular address or vicinity at which

---

[1] At the time of that order, defendant Wells Fargo Bank had not made an appearance and the docket did not reflect that defendant had been properly served.

1

1  service was made, the name and address of the person served, and the name and address of the
2  person making the service." *Id*.; *see* Fed. R. Civ. P. 4(l).

3  The submitted proof of service fails to satisfy the requirements of Local Rule 210.
4  Although it identifies the address where service was purportedly made, it does not include the
5  hour for service, nor does it provide the names of all persons served.  While it states that Jason
6  Smith delivered a copy of the summons and complaint to "John Stumpf, who is President and
7  CEO of wells fargo Bank [sic], and his assistant (ECF No. 6 at 2), it is not clear whether a copy of
8  the summons and complaint was personally delivered to Mr. Strumpf, or whether the documents
9  were merely left with some other person.  If they were indeed left with an assistant or other
10 person, the proof of service must identify that person's name.  Furthermore, the proof of service
11 does not contain the address of Jason Smith, the individual that purportedly served defendant.

12 Accordingly, plaintiffs have failed to adequately demonstrate that defendant was properly
13 served.  Plaintiffs are therefore order to appear before the court on August 3, 2016, at 10:00 a.m.
14 in Courtroom 8, to show cause why this action should not be dismissed for failure to effect
15 service of process in the time proscribed by Rule 4(m) and/or failure to comply with the court's
16 local rules.

17 DATED:  July 1, 2016.

                  EDMUND F. BRENNAN
18                   UNITED STATES MAGISTRATE JUDGE