UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH and KAREN SINGH, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK and DOES 1 through 1000,<br><br>Defendant. | No. 2:15-cv-2664-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on defendant Wells Fargo Bank, N.A.'s motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim or, in the alternative, for a more definite statement pursuant to Rule 12(e).[1] ECF No. 18. For the reasons explained below, it is recommended that the motion be granted and the compliant dismissed for failure to state a claim.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1)

[2] The court determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. ECF No. 24; *see* E.D. Cal. L.R. 230(g);

1

I.   Factual Allegations

The factually allegations in the complaint are limited. Plaintiffs Raj Singh and Karen Singh purport to bring this action on behalf of themselves and all persons similarly situated against defendant Wells Fargo Bank, N.A. ("Wells Fargo") for "violations of California Codes and United States Codes." Compl. (ECF No. 1) 1. The complaint suggests that plaintiffs owned real property located at 4304 Swiss Court, Elk Grove, California (the "subject property"). *Id.* At some unspecified time, defendant obtained the subject properly through foreclosure "at the price of balance of mortgage." *Id.* at 1-2. After purchasing the property, defendant allegedly informed the Internal Revenue Service that it purchased the property for significantly less than the actual purchase price, which increased plaintiffs' tax liability. *Id.* at 2. Plaintiffs further claim that defendant illegally evicted them "without providing necessary documents and notices." *Id.*

Plaintiffs also generally allege that defendant has engaged in a policy of misleading and discriminating against borrowers by charging erroneous fines and costs. *Id.* at 1. Defendant also allegedly denied short sales, loan modification and other foreclosure alternatives "illegally and in misleading way[s]." *Id.* The complaint purports to assert three causes of action styled as: (1) "Illegal Hardship and/or illegal acts of Defendants," (2) "Violation of Constitutional Rights," and (3) "Civil Conspiracy." *Id.* at 2-4. The complaint further states that the action is brought "pursuant to California Health and Safety Code, California Business and Professions Code and other codes for damages and restitution and disgorgement of profits obtained by Defendants [sic] as a result of their violations of the California codes and their harassment to Plaintiffs." *Id.* at 2.

II.   Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr.*

*Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

III. Discussion

Defendant argues that the complaint must be dismissed for failure to allege sufficient facts to state a claim for relief. ECF No. 18 at 4-5. Defendant further argues that, to the extent plaintiffs' claims are predicated on the foreclosure of the subject property, they are barred by the applicable statute of limitations. *Id*. at 6.

As a threshold matter, plaintiffs cannot maintain this case as a class action lawsuit. It is well established that while individuals may appear *in propria persona* on their own behalf, they may not represent the interests of others without first obtaining counsel. *C E. Pope Equity Trust v. United States*, 818 F.2d 698 (9th Cir. 1987) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)). The assertion of class claims is also inappropriate because plaintiffs, as laymen, cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976). Thus, plaintiffs may only assert individual claims.

As to the claims on their own behalf, plaintiffs fail to allege sufficient facts to state a claim for relief. As argued by defendant, the complaint rests heavily on vague and conclusory allegations, without identifying the specific conduct performed by defendant that caused harm to plaintiffs. For instance, plaintiffs refer to "contracts between Wells Fargo and its borrowers," and contend that defendant maintained "a policy of misleading, discriminating, and charging erroneous fines and costs," ECF No. 1 at 1, but they fail to state whether they were charged improper fees or even had a contractual relationship with defendant.

It is also not clear the precise causes of action plaintiffs intend to assert against defendant. They purport to assert claims for "Illegal Hardship and/or illegal acts of Defendants," "Violation of Constitutional Rights, and "Civil Conspiracy," but fail to identify any specific constitutional or statutory violation. While plaintiffs also contend that the complaint is brought pursuant to the California Health and Safety Code and California Business and Professions Code, they do not

identify a specific provision that defendant allegedly violated, nor do they allege any facts to support a violation under these codes. Accordingly, plaintiffs' complaint must be dismissed for failure to state a claim.

In his opposition, plaintiff Raj Singh appears to acknowledge that the complaint is deficient and provides additional factual background concerning the foreclosure of the subject property. ECF No. 21 at 1-5. He also filed a proposed first amended complaint, which he intends to serve as a more definite statement.[3] *Id*. at 7-11. Although the additional facts provided in these documents may not be considered in resolving defendant's Rule 12(b)(6) motion, as the inquiry for that motion is limited to the sufficiently of the allegations in the operative complaint, *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."), such facts may be considered in deciding whether leave to amend is appropriate. *Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003). Here, even with the additional facts, plaintiffs cannot state a claim for relief.

In his opposition, Mr. Singh explains that this action was filed "primarily to correct the amount of cancelled debt." ECF No. 21 at 2. He explains that Ms. Singh obtained a loan from defendant in the amount of $357,000, which was secured by a deed of trust on the subject property. ECF No. 21 at 1. After she fell behind on her mortgage payments, foreclosure proceedings were initiated and the property was eventually sold to defendant at a Trustee Sale on May 12, 2010. *Id*. at 2. Mr. Singh claims, however, that "Wells Fargo Bank illegally took the property without paying anything and simply showing the consideration of $170,133.30." *Id*. He contends that defendant could not purchase the property for less than $368,292.84, which was the amount owed on the loan. He further alleges that defendant wrongfully reported to the IRS that a

---

[3] Karen Singh did not file an opposition to Wells Fargo's motion. Raj Singh submitted an opposition which purports to assert arguments on behalf of both plaintiffs. *See* ECF No. 21. However, that opposition, as well as the proposed first amended complaint, are not signed by Karen Singh. As Mr. Singh is not an attorney, and therefore is not permitted to represent Ms. Singh's interest in this action, the court construes the opposition as filed only by Raj Singh.

debt in the sum of $174,899.18 remained after the sale, which increased the amount plaintiffs owed in taxes.[4] *Id.*

Mr. Singh's opposition and proposed amended complaint demonstrate that leave to amend would be futile. First, Mr. Singh's claim that defendant purchased the property without tendering payment, even if true, does not provide a basis for relief. "At the nonjudicial foreclosure sale, the beneficiary is entitled to make a credit bid up to the amount of his indebtedness, since it would be useless to require him to tender cash which would only be immediately returned to him." *Sumitomo Bank v. Taurus Developers, Inc.*, 185 Cal. App. 3d 211, 219 (1986); *see also First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 731, 737 (2001) ("[T]he lender is not required to pay cash, but is entitled to make a credit bid up to the amount of the outstanding indebtedness. The purpose of this entitlement is to avoid the inefficiency of requiring the lender to tender cash which would be immediately returned to it."). Furthermore, Wells Fargo was permitted to purchase the subject property for less than amount owed on the loan. *See Romo v. Stewart Title of Cal.*, 35 Cal. App. 4th 1609, 1614 n.3 (1995) ("The lender-beneficiary is not required to make a full credit bid. He may bid whatever amount he thinks the property is worth. Indeed, many creditors enter low bids to provide access to additional security or additional funds."); *Commonwealth Mortgage Assurance Co. v. Superior Court*, 211 Cal. App. 3d 508, 520 (1989) ("The lender is not required to open the bidding with a full credit bid, but may bid whatever amount he thinks the property is worth.").

Lastly, Mr. Singh's contention that defendant wrongfully reported a debt to the IRS also fails to provide a basis for liability. Mr. Singh claims that defendant should not have reported a debt to the IRS because any debt owed to defendant was extinguished upon foreclosure of the property. ECF No. 21 at 2-3. California Civil Code Section 580b provides that "[n]o deficiency judgment shall lie in the event after a sale of real property for failure of the purchaser to complete his contract of sale . . . [u]nder a deed of trust or mortgage on a dwelling . . . given to a lender to secure repayment of a loan that was used to pay all or part of the purchase price of that dwelling."

---

[4] Mr. Singh also filed a sur reply which confirms that crux of this dispute is over Wells Fargo reporting a debt to the IRS. *See generally* ECF No. 25.

Cal. Civ. Code. 580b(a)(3). While the statute bars the lender from obtaining a deficiency judgment, it does not extinguish the underlying debt. *See, e.g., Johnson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 7211905, at *4-7 (C.D. Cal. Sept. 13, 2013) ("Section 580b as currently written eliminates a creditor's ability to seek a deficiency judgment [after a nonjudicial foreclosure], but does not eliminate or extinguish the underlying debt."); *Abdelfattah v. Carrington Mort. Services LLC*, 2013 WL 495358, at * 2-3 (N.D. Cal. Feb. 7, 2013) ("The statute only bars a creditor from obtaining a deficiency judgment from a borrower after the creditor has completed non judicial foreclosure," and does not preclude the reporting of a deficiency); *Prianto v. Experian Information Solutions, Inc.*, 2014 WL 3381578, at *5 (N.D. Cal. July 10, 2014) ("[b]ecause section 580b does not extinguish a consumer's underlying debt, there can be no liability for a furnisher accurately reporting the existence of that debt unless there is a dispute about the debt's patent or facial accuracy."). Accordingly, contrary to Mr. Singh's contention, the unsatisfied portion of the debt was not extinguished after the foreclosure of the subject property, and therefore the reporting of the remaining debt fails to support a claim upon which relief may be granted.

As it is clear from the facts already presented by plaintiff that granting leave to amend would be futile, it is recommended that plaintiff's complaint be dismissed without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

IV.     Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss the complaint for failure to state a claim (ECF No. 18) be granted;

2. The complaint be dismissed without leave to amend;

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 17, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE